JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Chad Dixon, appeals from the sentences imposed upon him following his pleas of guilty to burglary charges in two separate cases. In his assignments of error and brief, he urges that the court erred by sentencing him to a term of imprisonment that exceeded the statutory minimum, and that the imposition of this sentence violated his Sixth Amendment rights as described in Blakely v. Washington (2004),542 U.S. 296.
 {¶ 2} Appellant does not challenge the conviction and sentence imposed in Common Pleas Court Case No. CR-457357, so we affirm the judgment of conviction and sentence in that case. However, the prosecution agrees that the four-year sentence imposed on appellant in Common Pleas Court Case No. CR-464726 was based on an unconstitutional statute, R.C. 2929.19(B), and that the Ohio Supreme Court's recent decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, requires that we vacate this sentence and remand this matter for resentencing.
 Procedural History {¶ 3} In Common Pleas Court Case No. CR-457357, appellant and two co-defendants were charged with aggravated burglary with a firearm specification in a one count indictment filed October 7, 2004. On May 10, 2005, appellant entered a plea of guilty to an amended charge of burglary. On June 9, the court sentenced him to two years' imprisonment followed by three years' post-release control, to run concurrent to the sentence imposed in Case No. CR-464726.
 {¶ 4} In Common Pleas Court Case No. CR-464726, appellant and another co-defendant were charged with burglary and theft in a two count indictment filed April 14, 2005. On May 13, 2005, appellant entered a guilty plea to the burglary charge. He was sentenced on June 9, 2005 to a four year term of imprisonment, to run concurrent with the sentence imposed in Case No. 457357, followed by three years' post-release control.
 Law and Analysis {¶ 5} Although appellant appealed from his conviction and sentence in both of these cases, appellant's assignments of error and brief only challenge the sentence imposed in Case No. CR-464726. Therefore, we affirm the conviction and sentence imposed in Case No. CR-457357.
 {¶ 6} The Ohio Supreme Court's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, is dispositive of appellant's challenge to the sentence imposed in Case No. CR-464726. InFoster, the supreme court determined that R.C. 2929.14(B) violates the principles set forth in Blakely v. Washington by requiring the court to make additional findings to impose a sentence in excess of the statutory minimum sentence; therefore, the Foster court found, R.C. 2929.14(B) is unconstitutional.Foster at ¶¶ 61, 83. The court determined that this and other unconstitutional provisions of the sentencing statutes should be severed and excised. Id. at ¶ 97. "After the severance, judicial factfinding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id. at ¶ 99. Finally, the court decided that sentences based upon these unconstitutional statutes should be vacated and remanded for a new sentencing hearing, at which the court can impose any sentence within the appropriate felony range. Id. at ¶¶ 104, 105.
 {¶ 7} The sentence in Case No. CR-464726 exceeded the statutory minimum term of two years' imprisonment, based upon R.C. 2929.14(B). Thus, Foster requires that we vacate the four-year sentence imposed in this case and remand for resentencing.
 {¶ 8} Conviction and sentence in Case No. CR-457357 and conviction in Case No. 464726 affirmed; sentence in Case No. 464726 vacated and remanded for resentencing.
Appellant's conviction and sentence in Cuyahoga County Common Pleas Court Case No. CR-457357 is affirmed. Appellant's conviction in Cuyahoga County Common Pleas Court Case No. CR-464726 is also affirmed, but the sentence imposed in that case is vacated and that matter is remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, J. and Blackmon, J. concur.